**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MEDIEVAL TIMES U.S.A., INC., a
Delaware corporation,

Plaintiff,                                     Case No. 6:12-cv-1212-ORL-22TBS

v.

PIRATE'S DINNER ADVENTURE, INC., a
Florida corporation; PRODUCTIONS 2012,
INC., a Florida corporation d/b/a CAMELOT
KNIGHTS and also d/b/a CAMELOT
KNIGHTS DINNER ADVENTURE, and
also d/b/a CAMELOT KNIGHTS DINNER
ADVENTURE & TOURNAMENT; and
DOES 1 through 10,

Defendants.

_____ /

**DEFENDANTS' MOTION TO DISMISS**

Defendants Pirate's Dinner Adventure, Inc. and Productions 2012, Inc. d/b/a Camelot

Knights, through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b), hereby file their

Motion to Dismiss Plaintiff Medieval Times U.S.A., Inc.'s ("Plaintiff") Complaint, and in

support thereof, state as follows:

**I.      INTRODUCTION**

In its Complaint, Plaintiff accuses the Defendants of putting on a show that copies the

Plaintiff's Medieval Times dinner show, a nightly spectacle featuring live knights on horseback,

castles, jousting, sword fights, royalty, and Medieval costumes.  Yet the usual cause of action for

the unauthorized copying of a creative work such as a show or other work of art—copyright

infringement—is not asserted in this case.  Instead, Plaintiff has attempted to fit what should be a

straightforward copyright claim into a series of federal and state claims related to trade dress

1

infringement.  One possible motive for this is that the show, although doubtless entertaining to families visiting the Orlando area, consists of elements— scènes à faire, concepts, ideas, themes, costumes—that are not copyrightable, and therefore it is likely that a copyright claim would prove unsuccessful.  Regardless of whether a copyright claim could be successful here, though, the law does not allow a copyright-type claim for the copying of an artistic work to be recast into a trademark/trade dress infringement claim.  As a result, Plaintiff fails to state a claim upon which relief can be granted as required by Federal Rule of Civil Procedure 12(b)(6), and its Complaint should therefore be dismissed with prejudice.

## II.   **BACKGROUND**

This is an action for alleged trade dress infringement and dilution, unfair competition, and alleged violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  Plaintiff claims that Defendants have infringed Plaintiff's so-called trade dress rights in connection with a themed dinner show.  Plaintiff further alleges that Defendants have "caused and will cause dilution of the distinctive quality" of Plaintiff's trade dress, and have engaged in "acts and conduct . . . [that] constitute unfair competition under Florida common law" and that constitute "deceptive and unfair trade practices" under §501.201 et seq., Florida Statutes. (Complaint, ¶¶40-58).

In its Complaint, Plaintiff goes into great detail about the features of its dinner show, which include "themed castles" and an "underlying storyline" involving knights and traitors.  These features include:

- The audience is taken "back in time to a faraway place" (Complaint, ¶28);

- The audience members are treated as "royal guests to a period specific multi-course meal" (Complaint, ¶28);

- "Costumed knights" perform on horseback (Complaint, ¶28);

- Knights wear costumes that match their respective horses (Complaint, ¶29);

- The knights compete in various games while the audience cheers for the knight who corresponds to their seating section (Complaint, ¶30-31); and

- Birthdays and other special occasions are announced (Complaint, ¶35);

Presumably because such ideas and elements do not constitute protectable subject matter under federal copyright law, Plaintiff has attempted to transform an invalid copyright claim into claims related to Plaintiff's purported trade dress. To do so, Plaintiff asserts that "[t]he total image and overall appearance of Medieval Times Dinner & Tournament is unique and inherently distinctive," and is thus deserving of trade dress protection. (Complaint, ¶23). All of Plaintiff's claims, for infringement, dilution, unfair competition, and deceptive trade practices, relate solely to Plaintiff's alleged trade dress.

As discussed more fully *infra*, Plaintiff's claims fail because they are essentially copyright infringement claims masquerading as trade dress-related claims. Plaintiff will be unable to successfully amend its Complaint because this lawsuit is based entirely on Defendants' alleged copying of Plaintiff's show, which can never be recast into claims related to trade dress. As a result, Plaintiff fails to state a claim upon which relief may be granted, and its Complaint should therefore be dismissed with prejudice.

### III.   ARGUMENT

#### A.   Legal Standard for Rule 12(b)(6) Motions for Failure to State a Claim.

Under Federal Rule 12(b)(6), a defendant in a federal civil action may respond to a complaint by moving to dismiss for "failure to state a claim upon which relief can be granted." The sufficiency of the plaintiff's complaint is then evaluated under Federal Rule of Civil Procedure 8, which provides in relevant part, "[a] pleading that states a claim for relief must contain: … a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Court explained in *Twombly*, "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court further explained in *Iqbal*, "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing

4

*Twombly*, 550 U.S. at 555).   "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."   *Id.* at 1950 (citing *Twombly*, 550 U.S. at 556).   "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id.* (citation omitted).

Here, Plaintiff fails to state a "plausible claim for relief."   Plaintiff has alleged that various aspects, including the theme and storyline, of its knight-related dinner show comprise its protectable trade dress.   However, this type of "backdoor" pleading of what is really a copyright infringement claim is not permitted.   And since Plaintiff's dilution and state-specific claims relate to Plaintiff's trade dress claims, they too fail as a matter of law.   Thus, Plaintiff's Complaint should be dismissed with prejudice.

**B.     Plaintiff's Complaint Fails to State a Claim for Trade Dress Infringement, Dilution, Unfair Competition, or a Violation of FDUTPA.**

**1.   Counts I-IV Are "Backdoor" Copyright Infringement Claims, Which Are Not Permitted as a Matter of Law.**

In support of its federal and state trade dress infringement and dilution claims, Plaintiff attempts to cast Defendants' show as "strikingly similar" to its own by essentially listing every aspect of a dinner show featuring a storyline relating to knights of the Middle Ages.   (Complaint, ¶¶25-39).   As was the case in *Hooters of America, Inc. v. Winghouse of Florida, Inc.*, Defendants have a difficult time discerning the specific trade dress Plaintiff is claiming in its Complaint.[1]   347 F.Supp.2d 1256, 1257 (M.D. Fla. 2004).   Plaintiff's inability to identify its trade dress is not surprising once one recognizes that Plaintiff is attempting to shoehorn a copyright infringement

---

[1] In *Hooters*, this Court "found it impossible to resolve the trade dress issues at the summary judgment stage because it could not ascertain Plaintiff's trade dress." *Id.* As a result, this Court focused on the "Hooters girl" since she was the most prominent feature of Hooters restaurants. *Id.* It is important to note that the Complaint does not identify any such prominent feature exists in Plaintiff's dinner show.

claim into the requirements for maintaining a cause of action under the Lanham Act. Despite Plaintiff's inartful attempt to do so, this type of "backdoor" pleading is not permitted as a matter of law.

In its federal trade dress infringement claim, Plaintiff purports to maintain a cause of action under section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), which provides a federal civil remedy against one who "uses in commerce any word, term, name, symbol, or device . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion . . . as to the origin . . . of his or her goods." To make out a case for federal trade dress infringement under Section 43(a) of the Lanham Act, a plaintiff must prove three elements:

(1)     that the product is distinctive or has developed a secondary meaning;

(2)     that the features in question are nonfunctional; and

(3)     that the resemblance between the parties' products is confusingly similar.

*U.S. Pharm. Corp. v. Breckenridge Pharm., Inc*., Civil Action File No. 09-cv-2050-TWT, 2010 WL 3731112. at *5 (N.D. Ga. Sept. 16, 2010) (citing *Bauer Lamp Co. v. Shaffer*, 941 F.2d 1165, 1170 (11th Cir. 1991); *AmBrit, Inc. v. Kraft, Inc*., 812 F.2d 1531, 1536 (11th Cir. 1986)).

The U.S. Supreme Court has ruled that the Lanham Act, which prohibits misrepresenting the "origin of the goods" one sells, does not protect the person or entity that originated ideas or communications embodied in the "goods." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003). The Court specifically "caution[ed] against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright. *Id.* at 34, citing *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23 (2001). Numerous other federal cases demonstrate the maxim that each type of intellectual property must be treated

separately by the courts.  *See, e.g., Sony Corp. of Am. V. Universal City Studios, Inc.*, 464 U.S. 417, 439 (1984) (rejecting "the proposition that a . . . kinship exists between copyright law and trademark law"); *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90 (1918) (stating that a trademark right "has little or no analogy" to a copyright or patent); *Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and of Malta v. Florida Priory of the Knights Hospitallers of the Sovreign Order of Saint John of Jerusalem*, Case No. 9:09-cv-81008 (11th Cir. 2012) ("We have been admonished to exercise caution before importing standards from one area of intellectual property law into another.")

In determining whether authors of creative works could maintain an action under the Lanham Act, the Court in *Dastar* analyzed the meaning of the term "origin," concluding that:

> reading the phrase "origin of goods" in the Lanham Act in accordance with the Act's common-law foundations (which were not designed to protect originality or creativity), and in light of the copyright and patent laws (which were), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods.

*Dastar*, 539 U.S. 23, 30-31 (2003).  In other words, the authors of creative works are not protected within the meaning of the Lanham Act. 15 U.S.C. §1125(a)(1)(A); *see also Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.2d 1231 (11th Cir. 2007).

Since *Dastar*, federal courts have determined that copyright-related claims brought under the Lanham Act are not permitted.  *See, e.g., Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F.Supp.2d 120, 129 (S.D.N.Y. 2008).  When a plaintiff's "unfair competition claims are based on the very acts of producing . . . allegedly infringing works that [could] form the factual underpinnings of its copyright claims," the unfair competition claims under the Lanham Act "fail as a matter of law."  *Freeplay Music, Inc. v. Cox Radio, Inc.*, 409 F.Supp.2d 259 (S.D.N.Y. 2005); *Through the Door, Inc. v. J.C. Penny Company, Inc.*, 2007 U.S. Dist. LEXIS

23975 (W.D. Wisc. 2007) (citing *Dastar*) (holding that no Lanham Act claim is stated by merely alleging that unlawful use of copyrighted material is a false designation of origin of the copyrighted work itself).

A leading copyright treatise explains the distinction in the context of a discussion of similar state law unfair competition claims:

> If A claims that B is selling B's products and representing to the public that they are A's, that is passing off [under the Lanham Act].  If, by contrast, B is selling B's products and representing to the public that they are B's, that is not passing off.  A claim that the latter conduct is actionable because B's product replicates A's, even if denominated "passing off," is in fact a disguised copyright infringement claim. . .

*Nimmer on Copyright*, §1.01[B][1][e].

Here, Plaintiff claims that it owns protectable trade dress in the "total image and appearance" of its show.  (Complaint, ¶37).  Plaintiff is correct in its recitation of the law inasmuch as the Supreme Court has explained "[t]he 'trade dress' of a product is essentially its total image and overall appearance."  *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 765 (1992).  Plaintiff has not, however, adequately identified any protectable "trade dress" in this case.  Plaintiff cannot do so because the "trade dress" it claims cannot serve to identify the source of a product or service.  *See Universal City Studios, Inc. v. Nintendo Co.*, 578 F.Supp. 911, 924 (S.D.N.Y. 1983) ("The vagueness of the image in which Universal claims a trademark right violates the fundamental purpose of a trademark: to identify the source of a product and thereby prevent consumer confusion as to that source.").  Rather, each and every item listed by Plaintiff that it claims makes up the "total image and appearance" of its show is unquestionably related to the creative works associated with a dinner show based on knights from the Middle Ages.  Plaintiff's use of "knights engag[ing] in a series of sword fights," "period-appropriate feast[s] including roasted chicken and spare ribs," and every other element of the show listed in

Plaintiff's Complaint does not qualify as use of trade dress "'to identify or distinguish' goods to 'indicate their source' as required to fall under the purview of [trade dress] law." *See Felix the Cat Prods. V. New Line Cinema*, 2000 U.S. Dist. LEXIS 21763 (C.D. Cal. 2000).

In *Felix*, the plaintiff's complaint "contain[ed] no allegations that defendants used plaintiff's mark to identify its [motion] picture in marketing, advertising or other means of selling its product." *Id.* at *9. Stating that the plaintiff's claims "require some commercial exploitation of [defendant's mark] to be cognizable as trademark violations," the court held that the "plaintiff present[ed] a straight-forward copyright case," and that the "complaint's multiple attempts at invoking trademark law would require the Court to extend trademark law beyond commercial use and make actionable the expression of an idea in a motion picture." *Id.*

Similar to *Felix*, Plaintiff's trade dress infringement and dilution claims are merely thinly-veiled copyright infringement claims, which fail as a matter of law. Plaintiff will be unable to correct this shortcoming because the lawsuit is based entirely on Defendants' alleged copying of Plaintiff's dinner show, which cannot be recast into a trade dress case. As a result, Counts I-IV should be dismissed with prejudice.

## 2.   Counts V and VI Fail to State Claims for the Reasons Stated Above.

The legal standards for Plaintiff to establish claims for unfair competition under Florida law and violation of FDUTPA are the same as those for the federal claims of trade dress infringement and unfair competition. *Gift of Learning Found.*, 329 F.3d at 802; *Investacorp, Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519, 1521 (11th Cir. 1991) (holding that the analysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim). Thus, Plaintiff's failure to state claims for trade dress infringement and dilution is also fatal to its alleged unfair

competition and FDUTPA claims.

## IV.   **CONCLUSION**

In light of the foregoing, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted on September 28, 2012.

s/Ava K. Doppelt
Ava K. Doppelt
Florida Bar #393738
adoppelt@addmg.com
Tricia M. Wozniak
Florida Bar #71236
twozniak@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 S. Orange Ave., Suite 1401
Orlando, Florida 32801
Telephone: (407)841-2330
Facsimile: (407)541-2343

Warren L. Dranit
dranit@smlaw.com
SPAULDING, MCCULLOUGH
& TANSIL, LLP
90 South E Street, Suite 200
Santa Rosa, California 95404
Telephone: (707)524-1900
Facsimile: (707)524-1906

***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on September 28, 2012 I electronically filed the foregoing using the Management/Electronic Case Filing ("CM/ECF") system, which will send a notice of electronic filing to the following CM/ECF Participants:

Michael P. McMahon
Akerman Senterfitt
420 S. Orange Avenue, 12th Floor
Orlando, Florida 32802

Ronald P. Oines
Eliot Houman
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, California 92626

                          s/Ava K. Doppelt